IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT GARRETT and )<br>GAYLE GARRETT, )<br>    )<br>  Plaintiffs, )<br>    )<br>v. )<br>    )<br>WELLS FARGO BANKS, N.A., and )<br>THE BANK OF NEW YORK MELLON )<br>F/K/A THE BANK OF NEW YORK AS )<br>TRUSTEE FOR WORLD SAVINGS BANK )<br>MORTGAGE PASS THROUGH )<br>CERTIFICATES SERIES 29, )<br>    )<br>  Defendants. ) | Case No. 3:15-cv-00864<br>Judge Trauger / Knowles |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant Bank of New York Mellon's Motion to Dismiss for failure to state a claim upon which relief can be granted. Docket No. 15. As grounds for its Motion, Defendant "relies upon the same arguments Wells Fargo Bank, N.A. submitted in its previously filed" Motion to Dismiss.[1] *Id.* Along with its Motion, Defendant has filed two accompanying Exhibits and a supporting Memorandum of Law. Docket Nos. 15-1, 15-2, 16.

Plaintiffs, who are proceeding pro se, have not responded to the instant Motion, but did

---

[1] Former Defendant Wells Fargo Bank, N.A. filed a Motion to Dismiss (Docket No. 10), which the undersigned recommended be granted (Docket No. 17). Judge Trauger issued an Order adopting the undersigned's Report and Recommendation and Defendant Wells Fargo Bank, N.A. was terminated as a party to the instant action. Docket No. 20.

file a Response in opposition to the Motion to Dismiss filed by former Defendant Wells Fargo Bank, N.A. *See* Docket No. 14. Because Plaintiffs are proceeding pro se and because the instant Motion asserts the same grounds for dismissal as did the Motion to Dismiss of former Defendant Wells Fargo Bank, N.A., the undersigned will consider the arguments raised by Plaintiffs in their Response.

Plaintiffs originally filed this action in the Twenty-First Judicial District, Williamson County, Tennessee, alleging breach of contract and slander of title, and seeking a declaratory judgment. *See* Docket No. 1. Former Defendant Wells Fargo Bank, N.A., subsequently removed the case to this Court, citing diversity jurisdiction as the basis for that removal, as the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Tennessee, while former Defendant Wells Fargo Bank, N.A., is a federally chartered bank with its main office located in Sioux Falls, South Dakota, and Defendant Bank of New York Mellon is organized under, and has its principal place of business in, New York. *Id.*

The essence of Plaintiffs' claim is that they signed a Promissory Note, Warranty Deed, and Deed of Trust with World Savings Bank, FSB regarding the purchase of a piece of real property located in Brentwood, Tennessee. Docket No. 1-1, p. 11-12. Plaintiffs contend that World Savings Bank, FSB later sold its interest in the Deed of Trust and Note, and thereby "immediately was in violation of the contract" because it "did not comply with the requirements of the Deed of Trust, Covenant 29." *Id.*, p. 12. Plaintiffs argue, "Had the Trustee for Defendant World Savings Bank, FSB released the Property and surrendered the Security Instrument to the person or persons legally entitled to it upon the payment of all sums secured by Defendant World Savings Bank, FSB, rather than breaching the contract, Plaintiffs would have a clear and

marketable title," but "[i]nstead, the chain of title has not been disclosed causing the Plaintiffs to suffer damages, as a result of the incomplete and slanderous title." *Id.*, p. 13.

As is relevant to Defendant Bank of New York Mellon, the allegations in Plaintiffs' original Complaint against Defendant, in their entirety, are as follows:

> 4. Defendant, The Bank of New York Mellon F/K/A/ The Bank of New York, is regulated by the State of New York Banking Department. The Registered agent for The Bank of New York Mellon is Stephen B. Wells, One Wall Street, New York 10005.

Docket No. 1-1, p. 11.[2]

Defendant filed the instant Motion to Dismiss and supporting materials on November 19, 2015, incorporating by reference and reiterating the arguments set forth in former Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and supporting materials, which maintained that Plaintiffs failed to state a claim against it because a lender does not have to release the Deed of Trust on a property when it sells the loan to another servicer, but rather, must release the Deed of Trust only when the loan has been paid in full. Docket Nos, 15-16, *incorporating* Docket Nos. 10-11. Former Defendant Wells Fargo Bank, N.A., further argued that Plaintiffs failed to allege that they paid the Note in full, and, therefore, that it did not have a duty to release the Deed of Trust. *Id.* Former Defendant Wells Fargo Bank, N.A. also noted that the law is well-settled in the Sixth Circuit that the sale of a loan or the transfer of a Note automatically carries with it the lien created by the accompanying Deed of Trust or other securitizing instrument, and that as a

---

[2] While Plaintiffs' do not so state, it appears that they may believe that Defendant Bank of New York Mellon somehow breached Section 29 of the Deed of Trust because the Deed of Trust was not released after the sale to World Savings Bank Mortgage Pass-Through Certificates Series 29. *See* Docket No. 1-1, *passim.*

3

matter of law, securitization does not render a Note or Deed of Trust unenforceable and does not alter a borrower's obligation to repay the loan. *Id.*, *citing, e.g., Dauenhauer v. Bank of New York Mellon*, 562 Fed. App'x 473, 478-81 (6th Cir. 2014); *W.C. Early Co. v. Williams*, 135 Tenn. 249, 186 S.W. 102, 103-04 (1916); *Clark v. Jones*, 93 Tenn. 639, 27 S.W. 1009, 1010 (1894). Former Defendant Wells Fargo Bank, N.A., also contended that Plaintiffs failed to properly allege the requisite elements of breach of contract and/or slander of title and therefore could not sustain those claims against it, and that Plaintiffs' contentions were conclusory and must be dismissed as a matter of law because they failed to state a claim upon which relief can be granted. *Id.*

Plaintiffs Response in opposition to former Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss argued that they have "met the standing requirements" and are the "only registered owner [*sic*] of the real property in this action and hereby claim superior title of said real property." Docket No. 14, p. 1, 4. Plaintiffs contend that they have "good reason to believe his [*sic*] note has been sold, securitized and converted to a stock, or Residential Mortgaged-Backed Security, thereby separating it from its security instrument, or Deed of Trust," but that they "have never been provided with any real documentation regarding the loan, only hearsay." *Id.* Plaintiffs argue:

> In the instant action, Defendant fails to specifically rebut any of Plaintiffs Complaint and allegations as a matter of fact. By granting Defendant's Motion to Dismiss without considering all of the relevant and material facts in this action, based on evidence that remains disputed, the Court would greatly prejudice and harm Plaintiffs' action, in that Plaintiffs bring a proper Breach of Contract and Slander of Title action in this case, as filed, but will not be able to argue against any interests, such as Defendant's, without questioning the validity of what Defendant purports to have.

4

*Id.,* p. 4.

For the reasons discussed below, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 15) be GRANTED.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule

> 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

### B.  Breach of Contract

In order to state a claim for breach of contract under Tennessee law, a plaintiff must allege: (1) the existence of an enforceable contract; (2) a breach of that contract; and (3) damages resulting from that breach.  *See, e.g., LifeMed, Inc. v. AMC-Tennessee, Inc.,* 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

### C.  Slander of Title

In order to state a claim for slander of title under Tennessee law, a plaintiff must demonstrate that: (1) they have an interest in the property; (2) the defendant published false statements about the title to that property; (3) the defendant was acting maliciously; and (4) the false statements proximately caused the plaintiff to suffer a pecuniary loss.  *See, e.g., Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999).

### D.  The Case at Bar

As noted, the allegations in Plaintiffs' original Complaint against Defendant, in their entirety, are as follows:

4. Defendant, The Bank of New York Mellon F/K/A/ The Bank of New York, is regulated by the State of New York Banking Department. The Registered agent for The Bank of New York Mellon is Stephen B. Wells, One Wall Street, New York 10005.

Docket No. 1-1, p. 11.

As can be seen, this averment fails to allege the requisite elements of either a breach of contract or a slander of title claim. Accordingly, Plaintiffs' cannot sustain their claims against Defendant, and Plaintiffs' claims should be DISMISSED.

### III. Conclusion

For the reasons discussed above, Plaintiffs have failed to state a claim against Defendant for which relief can be granted. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (Docket No. 15) be GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge